IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL SESSION, 1998

FILED

June 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9706-CC-00230 |
| | ) | |
| Appellee, | ) | |
| | ) | LINCOLN COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CHARLES LEE, JUDGE |
| DEVON WELLS, | ) | |
| | ) | |
| Appellant. | ) | (SALE OF SCHEDULE II DRUG) |

FOR THE APPELLANT:

JOHN HARWELL DICKEY
District Public Defender

CURTIS H. GANN
Assistant Public Defender
105 South Main
P.O. Box 1119
Fayetteville, TN 37334

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM MICHAEL McCOWN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney General

J.B. COX
Assistant District Attorney General
P.O. Box 904
Fayetteville, TN 37334

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Devon Wells, appeals his convictions of two counts of sale of a Schedule II controlled substance following a jury trial in the Lincoln County Circuit Court. The trial court sentenced him as a Range II Multiple Offender to two consecutive sentences of nine (9) and seven (7) years. He was also fined a total of $100,000 for the two convictions. In this appeal, Defendant argues that the evidence was insufficient to establish guilt beyond a reasonable doubt and that the sentence imposed was excessive and contrary to law. We affirm the judgment of the trial court.

On April 26, 1996, at approximately 5:00 p.m. in the Scales Heights area of Fayetteville, Tennessee, Agent Shane Daugherty, an undercover officer with the 17th Judicial District Drug Task Force, and Shirley Neal, a confidential informant, made two purchases of less than .5 grams of crack cocaine from Defendant. Both Agent Daugherty and Ms. Neal, as well as Agent Robert L. Briscoe, Jr., Director of the 17th Judicial Drug Task Force, and Ms. Donna Flowers, forensic chemist from the Tennessee Bureau of Investigation, testified at trial on behalf of the State.

Agent Daugherty testified that he met with Shirley Neal, the informant, and Agent Briscoe in a parking lot in the downtown area of Fayetteville on April 26, 1996 at approximately 4:30 p.m. Agent Daugherty searched Ms. Neal and her vehicle, gave her fifty dollars in recorded confidential funds, attached a concealed micro cassette recording device, and then left with Ms. Neal in her car. Agent Briscoe stayed in the parking lot as Agent Daugherty and Ms. Neal drove towards Locust Street.

The two of them arrived at Locust Street at about 5:00 p.m. According to Agent Daugherty, they were not targeting any particular individual but were looking for street dealers in general. They were first approached by a black male wearing khaki shorts and a white shirt, but Ms. Neal did not know his name so they decided to keep on looking. Agent Daugherty and Ms. Neal then saw Defendant standing in front of a green house waving them over. When Agent Daugherty and Ms. Neal indicated they wanted to purchase two fifty dollar amounts of crack cocaine, Defendant got into the back seat of Ms. Neal's car and told them to circle the block.

Agent Daughtery testified that Defendant was wearing black pants and a white t-shirt and that he could clearly see the movements of Defendant in the back seat from where he was positioned in the front seat. Defendant pulled a clear plastic baggie out from his front pocket and he then handed Agent Daugherty some crack cocaine in exchange for fifty dollars. Next, Defendant handed Ms. Neal some crack cocaine to which she responded by telling Defendant that she did not want any "crumbs." He then handed her another rock in exchange for her fifty dollars.

Agent Daugherty and Ms. Neal then dropped the Defendant back off where they had picked him up and returned to the parking lot where Agent Briscoe was waiting. As soon as Defendant was out of sight, Agent Daugherty turned off the recording device and took the crack cocaine Ms. Neal had purchased from Defendant into his possession. He placed the two purchases in separate baggies and evidence folders and handed them over to Agent Briscoe. Agent Daugherty and Ms. Neal described Defendant to Agent Briscoe and Ms. Neal told Agent Briscoe Defendant's name.

Agent Briscoe testified that he knew Defendant prior to the date upon which the present offenses occurred. However, after Agent Daugherty and Ms. Neal turned over the purchased crack cocaine to him, along with their description and name of the dealer, Agent Briscoe drove over to Locust Street to verify for himself that the person they described as the dealer was in fact Defendant. Agent Briscoe was able to verify that it was indeed Defendant who sold the crack cocaine on April 26, 1996. Agent Briscoe also testified that he took into custody the crack cocaine purchased by Agent Daugherty and Ms. Neal and that he turned that evidence over to the Tennessee Bureau of Investigation for analysis. Ms. Flowers of the TBI testified that as a forensic chemist she performed two tests on the substances given to her by Agent Briscoe, and that they were both in fact crack cocaine. The two packets contained .2 and .3 grams of cocaine base.

## I. Sufficiency of the Evidence

Defendant claims that there was insufficient evidence to support a finding of guilt because the evidence regarding the identification of Defendant as the dealer is weak.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the

State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Williams, 914 S.W.2d 940, 945 (Tenn. Crim. App. 1995) (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

It is clear to this Court that the State proved all the elements of the crime charged beyond a reasonable doubt. Defendant took fifty dollars each from Agent Daugherty and Ms. Neal and sold each of them crack cocaine. They in turn gave the substances they purchased from Defendant to Agent Briscoe. The substances were submitted to the TBI crime laboratory where they tested positive for cocaine base. Both Agent Daugherty and Ms. Neal unequivocally identified Defendant as the person who sold them the controlled substance. Furthermore, both Ms. Neal and Agent Briscoe testified that they knew Defendant's identity prior to the transaction, and Agent Briscoe even drove back to Locust Street to verify for himself that the

description of the dealer given by Agent Daugherty and Ms. Neal was indeed the Defendant.

There is ample evidence in the record of the identification of Defendant as the person who sold the crack cocaine. This issue is without merit.

## II. Sentencing

Defendant argues that the sentences he received for the two convictions of sale of a controlled substance are excessive and contrary to law.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). There are, however, exceptions to the presumption of correctness. First, the record must demonstrate that the trial court considered the sentencing principles and all relevant facts and circumstances. Id. Second, the presumption does not apply to the legal conclusions reached by the trial court in sentencing. Third, the presumption does not apply when the determinations made by the trial court are predicated upon uncontroverted facts. State v. Smith, 898 S.W.2d 742, 745 (Tenn. Crim. App. 1994), perm. to appeal denied, id. (Tenn. 1995).

Our review requires an analysis of: (1) The evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the facts and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Upon review of the record, we find that the trial court followed proper statutory sentencing procedure, and therefore, review by this Court is de novo with a presumption of correctness.

The trial court found the following three enhancement factors to be applicable: (1) that Defendant has a previous history of criminal behavior in addition to that necessary to establish the appropriate range; (2) that Defendant has a previous history of unwillingness to comply with the conditions of probation; and (3) that Defendant was on probation at the time of the present offense. Tenn. Code Ann. § 40-35-114(1), (8), and (13)(C). The court found no mitigating factors to apply.

Defendant had four prior felony convictions and several misdemeanor convictions, and as the trial court noted, he was one felony conviction away from

being sentenced as a Range III offender. The trial court justifiably placed great weight upon this enhancement factor. We also find that enhancement factor number (8) was properly applied by the trial court. Defendant previously violated the boot camp probation program and was not able to abide by the terms and conditions of his release into the community. Furthermore, the trial court was correct in applying enhancement factor (13) since Defendant was actually on probation when he was arrested for the present offense. In fact, Defendant had been released into the community for only 35 days when he sold crack cocaine to Agent Daugherty and Ms. Neal.

Tennessee Code Annotated section 40-35-210 provides that the minimum sentence within the range is the presumptive sentence for a Class C felony. Tenn. Code Ann. § 40-35-210(c). If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). If the trial judge complies with the purposes and principles of sentencing and his findings are adequately supported by the record, then the weight assigned to the existing enhancing and mitigating factors is generally left to the discretion of the trial court. See State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1993). Sale of a Schedule II controlled substance, a Class C felony, has a sentence range of six (6) to ten (10) years for a Range II Multiple offender. Tenn. Code Ann. §§ 39-17-417(a)(3) and (c)(2); 40-35-112(b)(3). The trial court correctly found three enhancement factors to apply and no mitigating factors to apply. The trial court imposed a nine (9) year sentence on one count and a (7) year sentence on the other. The trial court has the discretion to impose a sentence

which, in its judgment, best fits the totality of the circumstances relating to a particular Defendant and the precise circumstances of the case. State v. Marshall, 888 S.W.2d 786, 788 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1994). The trial court is not precluded under the Sentencing Reform Act from considering the fact that consecutive sentences might be appropriate in its assessment of what weight to give related enhancement factors. In the instant case, the trial court clearly acted within its discretion in imposing the sentences of nine (9) and seven (7) years.

The trial court was also justified in imposing consecutive sentencing for the offenses involved. There is no dispute that Defendant was on probation at the time of the commission of the present offenses. See § 40-35-115(b)(6). Furthermore, this Defendant has a lengthy history of criminal behavior and convictions. See 40-35-115(b)(2). We also find from the record that consecutive sentencing is necessary to protect the public against further criminal conduct by Defendant and that consecutive sentencing is reasonably related to the severity of the offenses committed. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). The trial court was well within its discretion in ordering the sentences to be run consecutively to each other and to the prior sentence for which he was on probation at the time he committed the present offenses.

Defendant further argues that his actions only comprised one transaction and that he could not therefore be convicted of two counts of sale of a controlled substance. However, when Defendant got into the car, he made two separate sales of crack cocaine, one to Agent Daugherty and one to Ms. Neal. Each of them paid Defendant fifty dollars separately. Although both sales may have occurred within just minutes of each other, they are still considered to be two separate criminal

actions.  <u>See</u>, <u>e.g.</u>, <u>State v. Black</u>, 524 S.W.2d 913 (Tenn. 1975) (two separate and distinct offenses committed even though they occurred at substantially the same time and in the course of a single criminal episode or transaction);  <u>State v. Mitchell</u>, C.C.A. No. 87-185-III, Williamson County (Tenn. Crim. App., Nashville, Sept. 27, 1989) <u>perm</u>. <u>to</u> <u>appeal</u> <u>denied</u> (Tenn. 1990) (kidnapping of several people at one time is a separate offense as to each victim).  This issue is without merit.

Finding no merit to Defendant's claims, we accordingly affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
L. T. LAFFERTY, Special Judge